UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-20902

SERGIO L. ACEBAL,

Plaintiff,

vs.

U.S. AMERICAN CONCRETE MIX, CORP. and
JORGE RODRIGUEZ,

Defendants.
_________________________________/

## COMPLAINT FOR FLSA OVERTIME WAGES

Plaintiff, Sergio L. Acebal, sues Defendants, U.S. American Concrete Mix, Corp. and Jorge Rodriguez, for overtime wages owed to him that Defendants failed to pay in violation of §7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq*. ("the FLSA"), as follows:

***Parties, Jurisdiction, and Venue***

1. **Plaintiff, Sergio L. Acebal**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*. He was an hourly non-exempt employee of Defendants who earned, but did not receive, overtime wages calculated at time and one-half times his regular rate of pay for all time he spent working over 40 hours per week from Defendants. Mr. Acebal consents to participate in this lawsuit. [DE 1-1.]

2. **Defendant, U.S. American Concrete Mix, Corp.**, is a Florida for-profit that conducts its for-profit business in Florida, and it is *sui juris*. It maintains it office and principal place of business here, in Miami-Dade County, Florida.



8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884 FAX 305.230.4844
*brian@fairlawattorney.com www.fairlawattorney.com*

3. **Defendant, Jorge Rodriguez**, was and is the president, owner, and operator of the corporate Defendant, for the relevant time period. He ran its day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages. He lives and works in Miami-Dade County, Florida.

4. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d). Both Defendants employed the Plaintiff.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, maintain several offices and their principal place of business and/or live in this District, because Defendants employed the Plaintiff in this District, and because most of the actions complained of occurring within this District.

***Background Facts***

6. Defendants have been at all times material engaged in interstate commerce in the course of their provision of construction, concrete pumping, concrete finishing, and related services which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce. Furthermore, Defendants engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

7. In particular, Defendants own and operate a concrete servicing company that provides residential and commercial concrete pumping, concrete finishing, and concrete-related services, using vehicles, heavy equipment, pump trucks, pumps, cellular telephones, telephones, phone systems, and other materials and supplies to engage in interstate commerce.



8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884 FAX 305.230.4844
*brian@fairlawattorney.com www.fairlawattorney.com*

8. Plaintiff worked for Defendants from September 9, 2015 through February 11, 2016. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

9. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his utilizing vehicles, cellular telephones, concrete pumps, hoses, motor vehicles, and other goods and supplies that moved through interstate commerce. Plaintiff would regularly drive in a vehicle owned/leased by Defendants, operated excavators and other equipment, and performed other duties for Defendants.

10. Defendants agreed to pay Plaintiff at the rate of $17.00 per hour for all time worked.

11. Besides paying Plaintiff by paycheck at the rate of $17.00 per hour for all reflected on his pay stubs, Defendants would pay Plaintiff in cash at his regular rate of $17.00 for some of the overtime hours that he worked, meaning that Plaintiff is entitled to recover additional wages at the rate of one-half times his regular rate of pay for documented overtime hours for which Defendants already paid him at the regular rate in cash.

12. Defendants, however, did not pay Plaintiff for all time worked.

13. By way of example, Defendants required Plaintiff to arrive at the yard where they kept their vehicles and equipment so that he could pick up the concrete pump and take it – with Defendants' vehicle(s) to and from the designated project sites. Defendants did not require that Plaintiff document for them his actual travel time to the first project site or from the last project



8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884 FAX 305.230.4844
*brian@fairlawattorney.com www.fairlawattorney.com*

site in relation to the yard, because Defendants would only compensated Plaintiff for one hour of travel time even though Plaintiff expended much more in compensable work-related travel time.

14. Plaintiff is entitled to recover the additional hours that he was not paid *at all* for the "off the clock" work at the rate or one and one-half times his regular rate of pay (of $17.00 per hour).

15. Ultimately, Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of his regular rate of pay for all hours worked over 40 hours in a given workweek.

16. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

17. All conditions precedent have been satisfied by Plaintiff or waived by Defendants.

***Nature of Liability***

18. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half his regular rate of pay for each of the overtime hours he worked during the relevant time period.

19. Defendants either recklessly failed to investigate whether their failure to pay Plaintiffs an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay his overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff of the overtime pay he earned.

20. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.



8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884 FAX 305.230.4844
*brian@fairlawattorney.com www.fairlawattorney.com*

WHEREFORE Plaintiff, Sergio L. Acebal, demands the entry of a judgment in his favor and against Defendants, U.S. American Concrete Mix, Corp. and Jorge Rodriguez, jointly and severally, after trial by jury and as follows:

a. That Plaintiff recover compensatory damages for all time worked and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) (or pre-judgment interest if no liquidated damages are awarded);

b. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

c. That Defendants be Ordered to make the Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

d. All interest allowed by law; and

e. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 11th day of March, 2016.

Respectfully Submitted,

FAIRLAW FIRM
*Counsel for Plaintiff*
8603 S. Dixie Highway, Suite 408
Miami, FL 33143
Tel: 305.230.4884
Fax: 305.230.4844
s/*Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com